1  Laurence D. King (SBN 206423)
   lking@kaplanfox.com
2  Linda M. Fong (SBN 124232)
   lfong@kaplanfox.com
3  Mario M. Choi (SBN 243409)
   mchoi@kaplanfox.com
4  KAPLAN FOX & KILSHEIMER LLP
   350 Sansome Street, Suite 400
5  San Francisco, CA 94104
   Telephone: 415-772-4700
6  Facsimile: 415-772-4707

7  *Attorneys for Plaintiffs*

8  [Additional Counsel on Signature Page]

9

   UNITED STATES DISTRICT COURT

10

   NORTHERN DISTRICT OF CALIFORNIA

11

12

13 AARON GLASSMAN, DESSERET          Case No.  09 - 3926
   FUNDERBURK and VALENTINE
   ANDERSON, on behalf of themselves and all
14 others similarly situated,                **CLASS ACTION COMPLAINT**
                        Plaintiffs,
15
                                             DEMAND FOR JURY TRIAL
16      vs.

17 INTEL CORPORATION, and BUSINESS
   APPLICATIONS PERFORMANCE CORP.,
18
                        Defendants.
19

---

CLASS ACTION COMPLAINT                                          Case No. _____

Plaintiffs Desseret Funderburk, Aaron Glassman and Valentine Anderson ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Intel Corporation ("Intel") and Business Applications Performance Corp. ("BAPCo") (Intel and BAPCo are hereafter collectively referred to as "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to the other allegations of this Complaint, as follows:

## NATURE OF ACTION

1. Plaintiffs bring this nationwide class action on behalf of themselves and all persons who purchased a laptop computer embedded with an Intel processor since August, 2007.

2. One of the most significant features of a laptop computer is its battery life. It is common knowledge that consumers will pay a higher price for a laptop that operates longer on a battery alone. Defendants took advantage of consumers by inaccurately and improperly representing that the laptops installed with Intel processors afforded greater battery-life.

3. Plaintiffs and class members purchased laptop computers containing Intel processors. Battery life served an important role in the decision-making process to purchase those products. However, the laptops with Intel processors have not met the advertised battery-lifespan. Normal use of these laptops renders significantly less battery-life than advertised and represented by Defendants.

4. Intel is "the world's largest semiconductor chip maker, based on revenue." Its self-described goal "is to be the preeminent provider of semiconductor chips and platforms for the worldwide digital economy." Intel's "direct marketing activities include television, print and web-based advertising, as well as press relations, consumer and trade events, and industry and consumer communications." It markets "to consumer and business audiences, and focus[es] on building awareness and generating demand for increased performance, power efficiency, and new capabilities."

5. At all relevant times, Intel advertised lifespans for laptops embedded with Intel processors which were based upon the MobileMark® 2007 ("MobileMark") benchmark, a test which is neither an objective nor an independent measure of a battery's lifespan. Intel knew or should have known that its battery-life claims did not provide an accurate indication as to the

1

battery-life a consumer could expect. Intel failed to inform consumers that the testing was conducted under conditions which were far from how an actual user would actually use the laptop computer. As set forth below, MobileMark 2007 test results do not provide an accurate indication as to the battery life consumers can expect.

6. Indeed, according to one industry analyst, "Everyone in the industry knows this benchmark is wildly optimistic and that the actual battery life you'll get is often less than half what MobileMark suggests. This is because MobileMark measures battery life much like you might measure gas mileage if you started the car, put it in neutral, and coasted down a long hill."[1] And, in actuality, consumers have experienced a greatly-reduced battery lifespan through everyday or actual use of Intel-embedded laptops.

7. In addition, Intel failed to inform consumers that the basis for their battery-life claims was created by defendant BAPCo, a consortium whose members are computer makers and other technology companies, including Intel and the MobileMark test results were anything but objective.

8. As part of their marketing, BAPCo members similarly used the MobileMark benchmark and its results to bolster their claims of greater battery lifespan despite that BAPCo knew that the benchmark was nothing more than an industry-created test designed to benefit the industry to the detriment of the consuming public. Defendants' advertised lifespan for laptops with Intel processors was misleading and inaccurate, and they knew or should have known that the battery-life claims were unrealistic and misleading.

9. A reasonable consumer expects industry standard benchmarks for battery run time claims to reflect the way consumers would actually use their laptops. By measuring battery life under conditions that do not replicate any reasonable consumer's computer usage, the use of MobileMark measurements are misleading to consumers and the marketplace.

10. As a consequence of Defendants' creation of MobileMark 2007 to inflate battery life measurements for laptops embedded with Intel processors, and release of the benchmark through an

---

[1] See http://www.computerworld.com/s/article/9135813/Laptop_battery_life_benchmarks_are_out_of_juice_

2

CLASS ACTION COMPLAINT                                              Case No. _____

"independent" source, Defendants have wrongfully reaped increased profits from the sale of laptops with Intel processors.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this nationwide class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of states different than Defendants. 28 U.S.C. § 1332(d)(2)(A). This Court also has personal jurisdiction over Defendants because Defendants are headquartered and are authorized to do business and in fact do business in this state and Defendants have significant minimum contacts within this state, and/or otherwise intentionally avail themselves of the markets of this state through the promotion, marketing and sale of their products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in this District under 28 U.S.C. § 1391(a), (b), and (c), 28 U.S.C. § 1407 and 15 U.S.C § 22. Defendants do substantial business in the State of California and within this Federal Judicial District, and have made material omissions and misrepresentations in this District so as to subject them to *in personam* jurisdiction in this District.

## PARTIES

13. Plaintiff Aaron Glassman is a resident of Broward County, Florida. In or about June, 2009, Mr. Glassman purchased a laptop computer built with an Intel processor. Battery life was an important factor in Mr. Glassman's decision-making process to purchase that laptop computer. Mr. Glassman's laptop experienced battery life materially less than represented. Mr. Glassman would not have purchased this laptop computer had he known of the true battery life or would only have done so at a significantly lower price.

14. Plaintiff Desseret Funderburk is a resident of Palm Beach County, Florida. In or about June, 2009, Ms. Funderburk purchased a laptop computer with an Intel processor. Battery life was an important factor in Ms. Funderburk's decision-making process to purchase that laptop computer. Ms. Funderburk's laptop experienced battery life materially less than represented. Ms.

3

CLASS ACTION COMPLAINT　　　　　　　　　　　　　　　　　　　　　　Case No. _____

Funderburk would not have purchased this laptop computer had she known of the true battery life or would only have done so at a significantly lower price.

15. Plaintiff Valentine Anderson is a resident of Broward County, Florida. In or about December, 2007, Ms. Anderson purchased a laptop computer built with an Intel processor. Battery life was an important factor in Ms. Anderson's decision-making process to purchase that laptop computer. Ms. Anderson's laptop experienced battery life materially less than represented. Ms. Anderson would not have purchased this laptop computer had she known of the true battery life or would only have done so at a significantly lower price.

16. Defendant Intel, a Delaware corporation headquartered in Santa Clara, California, designs, markets, manufactures and sells microprocessors for laptops, desktops, notebooks, workstations, and other consumer electronics.

17. Defendant BAPCo, a California corporation headquartered in El Dorado Hills, California, is a non-profit consortium including Intel and computer manufacturers with a charter purportedly "to develop and distribute a set of objective performance benchmarks for personal computers based on popular software applications and operating systems."

## FACTUAL ALLEGATIONS

18. Laptop battery-life is a critical factor for consumers considering which laptop computer to purchase.

19. BAPCo created a benchmark test called MobileMark 2007, which BAPCo touts as the premier performance qualified battery life metric based on real world applications."[2]

20. Based on results from using the MobileMark 2007 "benchmark," Defendants advertise greater battery lifespans and deceptively imply that their battery-life estimates are backed by a neutral third party evaluation of battery life.

21. Defendants conceal that the advertised battery-lifespans are based upon a program which tests a laptop computer's battery life under unnatural conditions that differ from how

---

[2] See http://www.bapco.com/products/mobilemark2007/index.php

1  consumers actually use their computers, yielding artificially high battery life measurements.
2  Computer World[3] recently reported the problem as follows:

> The latest MobileMark 2007 report measures laptop battery life under three scenarios: reading a document, watching a DVD movie, and doing a "representative" mix of productivity tasks, such as reading and composing documents, editing photos and encoding Flash videos [.]
>
> But rather than using an average time based on all three measures, BAPCo designates its third scenario as the way most people use their laptop.
>
> There are several problems with this, according to critics. First, doubters such as AMD say that the productivity test assumes that the notebook is idle 90% or more of the time.
>
> Second, MobileMark's "productivity" scenario assumes that users, when active, are using only software such as Adobe Photoshop or Microsoft Office. They don't test usage of music or video applications such as iTunes or Windows Media Player, games or Web browsing. The test also assumes that Wi-Fi is turned off.
>
> That seems particularly unjustified today, since netbooks are touted as on-the-go, Web-centric devices, or high-definition video-capable machines.
>
> Finally, MobileMark 2007 allows PC vendors to set their laptop screen brightness at the lowest possible setting, provided it is no lower than 60 nits (a nit is a measure of brightness). The problem, again pointed out by AMD, is that 60 nits is quite dim, being only about one-fifth of most notebook PCs' maximum screen brightness.
>
> According to an informal reader poll at Neowin.net, a Windows community site, fewer than 15% of respondents run their notebooks that dim.

   22.    Intel and BAPCo have unfairly taken advantage of consumers. The use of this industry-created test provided Intel the means by which it was able to falsely lure consumers into believing that the laptops they purchased embedded with an Intel processor would have a greatly-enhanced battery-lifespan.

---

[3]    http://www.computerworld.com/s/article/9135813/Laptop_battery_life_benchmarks_are_out_of_juice_

5

CLASS ACTION COMPLAINT                                                                 Case No. _____

23. Upon information and belief, the MobileMark 2007 program tests batteries under conditions which do not comport with how consumers actually use their computers. The use of this test, and defendants' concealment of the true facts underlying the test, benefits Intel and BAPCo to the disadvantage of plaintiff and members of the class. Such advertising is misleading, inaccurate and deceptive.

24. Plaintiffs and members of the class experienced a battery-lifespan greatly reduced, through their actual use of Intel-equipped laptops.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action pursuant to Rule 23(B)(2) and (B)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a class defined as follows:

> All persons throughout the United States and its territories who purchased laptops embedded with Intel processors since August, 2007.

26. Upon completion of discovery with respect to the scope of the Class, Plaintiffs reserve the right to amend the Class definition. Excluded from the Class are Defendants and any entity in which any Defendant has a controlling interest, and their legal representatives, officers, directors, assignees and successors. Also excluded from the Class is any judge to whom this action is assigned, together with any relative of such judge within the third degree of relationship, and the spouse of any such persons.

27. Class members are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiffs, but given the nationwide scope of Defendants' business, it is clear that the number greatly exceeds the number to make joinder impossible.

28. There are numerous and substantial questions of law and fact common to the Class including, but not limited to:

   a. Whether Defendants made inaccurate and deceptive claims about the battery-life expectancy of laptop computers embedded with Intel processors;

      b.    Whether Defendants unfairly concealed the material fact from consumers that the MobileMark 2007 test was conducted under conditions which were not measured by real life use of a laptop computer built with an Intel processor;

      c.    Whether Defendants unfairly concealed the material fact from consumers that the MobileMark 2007 test was created by a group of industry members, including some of the Defendants, and consequently the benchmark was not an objective, independent measure of a battery's lifespan;

      d.    Whether Defendants violated applicable consumer protection statutes;

      e.    Whether Defendants were unjustly enriched at the expense of Plaintiffs and the Class; and

      f.    Whether Plaintiffs and the Class were harmed, and if so, what relief they are entitled.

29.    Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by the Class members. Similar or identical statutory and common law violations and deceptive business practices are involved. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

30.    The injuries sustained by the Class members flow, in each instance, from a common nucleus of operative facts – Defendants' misconduct. In each case, Defendants marketed that the Class members were purchasing laptop computers with Intel processors with an actual battery life as measured by the MobileMark 2007 test that was not objective and not based on real-life conditions. Plaintiffs and each class member purchased and/or received a laptop with an actual battery life considerably less than what the reasonable consumer would have expected based upon Defendants' representations and claims. Plaintiffs and the Class members have been damaged by Defendants' misconduct. The Class members have paid for laptop computers with Intel processors that would not have been purchased in the absence of Defendants' deceptive scheme.

31.    Thus, the claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs and the members of the Class sustained damages arising out Defendants'

wrongful conduct as detailed herein. Plaintiffs' damages and the damages of each Class member were caused by Defendants' wrongful conduct.

32. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are familiar with the basic facts that form the basis of the Class members' claims. Plaintiffs have retained counsel competent and experienced in Class action litigation and intend to prosecute this action vigorously. Plaintiffs' counsel has successfully prosecuted complex class actions, including consumer protection class actions. Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class members.

33. The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class members. The relief sought per individual member of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendants. Furthermore, it would be virtually impossible for the Class members to seek redress on an individual basis. Even if the Class members themselves could afford such individual litigation, the court system could not.

34. Individual litigation of the legal and factual issues raised by the conduct of Defendants would increase delay and expense to all parties and to the court system. The Class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale and comprehensive supervision by a single court. Given the similar nature of the Class members' claims and the absence of material differences in the state statutes and common laws upon which the Class members' claims are based, a nationwide Class will be easily managed by the Court and the parties.

**COUNT I
FOR VIOLATION OF CALIFORNIA UNFAIR
COMPETITION LAW, BUS. & PROF. CODE § 17200, *ET SEQ.***

**(Against All Defendants)**

35. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein and further allege as follows.

36. Plaintiffs bring this claim individually and on behalf of members of the Class.

8

CLASS ACTION COMPLAINT — Case No. _____

37. The acts, practices, misrepresentations and omissions by Defendants described above, constituted unfair, unlawful and/or fraudulent business acts and practices within the meaning of California Business and Professions Code §§ 17200, *et seq.*

38. Defendants' acts, practices, misrepresentations and omissions alleged herein, include but are not limited to (a) unfairly and deceptively using the MobileMark 2007 test to imply to consumers neutral third party evaluation of battery life; and (b) concealing from consumers that the program tests a laptop computer's battery life under unnatural conditions that differ from how consumers actually use their computers, yielding artificially high battery life measurements.

39. Defendants' misconduct offends public policy and is immoral, unethical, oppressive, and/or unscrupulous and caused substantial injury to consumers.

40. Pursuant to California Business and Professions Code § 17203, Plaintiffs, on behalf of themselves, and the other Class members, seek restitution of any monies wrongfully acquired or retained by Defendants and by means of their unfair practices, an injunction prohibiting Intel and the Laptop Manufacturer Defendants from engaging in the same or similar unfair business practices in the future and such other and further relief as set forth in Business & Professions Code §§ 17200, *et seq.*

## COUNT II

## UNJUST ENRICHMENT

**(Against All Defendants)**

41. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein and further allege as follows:

42. As alleged above, Defendants' misconduct induced Plaintiffs and members of the Class to purchase laptops with Intel processors. Plaintiffs and members of the class purchased laptops that they would not have otherwise purchased, or paid more than they otherwise would have paid for such product, absent such misconduct.

43. To the detriment of Plaintiffs and members of the Class, Defendants have been, and continue to be, unjustly enriched as a result of the unlawful and/or wrongful collection of, *inter alia*, payments for laptops embedded with Intel processors. Defendants have unjustly benefited through

9

CLASS ACTION COMPLAINT                Case No. _____

the unlawful and/or wrongful collection of, *inter alia,* payments for laptops with Intel processors and continue to benefit to the detriment and at the expense of Plaintiffs and members of the Class.

44. Accordingly, Plaintiffs and members of the Class seek full restitution of Defendants' enrichment, benefits and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class members request that the Court enter an order or judgment against Defendants including the following:

A. Certification of the action as a Class Action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims for injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and/or restitution and appointment of Plaintiffs as Class Representatives and their counsel of record as Class Counsel;

B. Monetary damages and/or restitution, as appropriate;

C. Actual damages, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

D. Pre-judgment and post-judgment interest on such monetary relief;

E. Equitable relief in the form of restitution, including restitutionary disgorgement into a fluid recovery fund, to restore monies received by Defendants as a result of the unfair, unlawful and/or deceptive conduct alleged herein;

F. Other appropriate injunctive relief;

G. The costs of bringing this suit, including reasonable attorneys' fees; and

H. All other relief to which Plaintiffs and members of the Class may be entitled at law or in equity.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED: August 25, 2009

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

By: /s/ Laurence D. King
Laurence D. King (SBN 206423)
lking@kaplanfox.com
Linda M. Fong (SBN 124232)
lfong@kaplanfox.com
Mario M. Choi (SBN 243409)
mchoi@kaplanfox.com
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707

Marc A. Wites
mwites@wklawyers.com
Alex N. Kapetan, Jr.
akapetan@wklawyers.com
Law Offices of Wites & Kapetan, P.A.
4400 N. Federal Highway
Lighthouse Point, FL 33064
Telephone: 954-570-8989
Facsimile: 954-428-3929

*Attorneys for Plaintiffs*